Filed 12/22/15  P. v. Outlaw CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER CRAIG OUTLAW,<br><br>Defendant and Appellant. | B262532<br><br>(Los Angeles County<br>Super. Ct. No. BA419276) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Rand S. Rubin, Judge.  Affirmed.

Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Christopher Craig Outlaw (Outlaw) appeals from a judgment sentencing him to five years in prison for the robbery of a jewelry store and an assault on the store's owner.

On Friday, June 17, 2011, at approximately 4:00 p.m., three individuals entered the jewelry store of Eric Kim. Initially, Mr. Kim assumed that they were customers and approached them as such. Mr. Kim was quickly disabused of his assumption. In short order, he was pepper-sprayed, the glass countertops to his jewelry display cases were smashed, and most of the gold jewelry stolen. When Mr. Kim attempted to stop the robbers, one of them struck him on the head and leg with a hammer; his head wound required stitches. Mr. Kim estimated that his losses totaled $400,000. Following the robbery, Mr. Kim never re-opened his store for business.

Immediately after the robbery, Mr. Kim noticed blood on the shattered glass, the display cases, and on the floor. Detectives investigating the robbery subsequently collected four blood samples from the crime scene.

On May 19, 2014, an information was filed charging Outlaw with three felonies in connection with the robbery of the Mr. Kim's jewelry store: robbery (Pen. Code, § 211[1]), assault with a deadly weapon (§ 245, subd. (a)(1)), and unlawful use of tear gas (§ 22810, subd. (g)(1)). Outlaw was arraigned and pleaded not guilty.

On December 8, 9, and 11, 2014, the jury heard testimony which established that the DNA from two of the blood samples matched Outlaw's DNA, which was obtained from a buccal sample taken on August 27, 2013. In addition, it was established that earlier on the very same day that Mr. Kim's jewelry store was robbed, Outlaw participated in a similar but unsuccessful attempted robbery of another similar jewelry store located just a few miles from Mr. Kim's store—after Outlaw's two accomplices attempted to smash the jewelry display cases at this other store, the owner was able to drive off all of the would-be robbers with pepper spray. Outlaw's role in this earlier robbery attempt was to reach inside the display cases once his accomplices had smashed the glass and grab the jewelry.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

On December 12, 2014, after deliberating for less than half a day, the jury returned a verdict finding Outlaw guilty on all counts. On January 5, 2015, the court sentenced Outlaw to the high term of five years for count 1 (robbery). The court elected to go with the high term because, inter alia, "the crime involved great violence, great bodily harm, threat of bodily harm, or other acts disclosing a high degree of cruelty, viciousness or callousness." The court sentenced Outlaw to one year for count 2 (assault with a deadly weapon) and eight months on count 3 (unlawful use of tear gas), but stayed both of these sentences pursuant to section 654.

On January 5, 2015, Outlaw filed a timely notice of appeal. On May 8, 2015, we appointed counsel to represent him, and, after examining the record, counsel filed an opening brief raising no issues and asking this court to independently review the record. On October 2, 2015, we advised Outlaw that he had 30 days in which to submit any contentions or issues that he wished us to consider. To date, we have received no response.

We have examined the entire record and are satisfied that Outlaw's counsel has fully complied with her responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED.


JOHNSON, J.


We concur:


CHANEY, Acting P. J.


LUI, J.

3